# PALM BEACH NEWSPAPERS, INC., etc., et al. v. BLUDWORTH, etc., et al.

## Case No. 85-2662 CA (L)

Fifteenth Judicial Circuit, Palm Beach County

April 15, 1985

## APPEARANCES OF COUNSEL

**L. Martin Reeder, Steel Hector & Davis,** for plaintiff.
**Pablo Perchacs,** Assistant State Attorney, for defendant.

## OPINION OF THE COURT

RICHARD I. WENNET, Circuit Judge.

This cause came before the Court on the Plaintiffs' Complaint which seeks an order directing Defendants to make available for inspection and copying certain public records relating to the May 13, 1984, death

of Ronald Dean Densberger, Jr., the May 13, 1984, arson at the beauty salon owned by Maria Bruno or Rainbow Ventures, Inc., the prosecution of RALPH RAMER* in Case No. 85-381 CF, and all materials relating to the witness tampering indictment against Maria Bruno filed April 10, 1985, Case No. 85-6514 MM A02. During the hearing of this cause on April 12, 1985, the Court was also asked to consider *ore tenus* motions by Plaintiffs and Defendants respecting whether and for what period of time this Order and the Court's prior Order of April 12, 1985 (requiring release to the public of discovery documents previously given to RALPH RAMER, except for the State Attorney's work product and materials pertaining to an ongoing "active criminal investigation" other than the investigation of RAMER), should be stayed pending the appeal of this matter.

Exercising its discretion under Section 119.07(2)(b), Florida Statutes, the Court conducted an *in camera* hearing on April 12, 1985, to determine if any of the remaining documents not already ordered released pursuant to this Court's prior Order of April 12, 1985, are exempt from the disclosure requirements of the Public Records Law because they relate to an "active criminal investigation" (see Section 119.07(3)(d), Florida Statutes). At the *in camera* hearing, the Court heard the testimony of law enforcement officer Alex Barret concerning the ongoing investigation, and argument by counsel for the Defendants. The Court also reviewed the public records Defendants contend pertain to an "active criminal investigation," some of which have already been disclosed by the State Attorney to RALPH RAMER as part of discovery in his criminal prosecution, and some of which have not yet been discovered. Counsel for Plaintiffs were not permitted to attend that *in camera* hearing.

Based on the evidence and argument presented by Defendants *in camera*, the Court finds there is an active criminal investigation in progress which could be harmed by public disclosure of some of the requested records or parts of those records which contain "active criminal investigative information." Although some of the records have already been disclosed by Defendants to RALPH RAMER, the Court finds that the Public Records Law does not require complete public disclosure of all "police secrets" (Section 119.07(3)(d)) which have been

---

* Mr. Ramer was permitted to intervene in this action on April 12, 1985, and his attorney David Roth, Esq., was afforded notice of the hearing discussed herein and the earlier hearing which occurred in this matter on April 11th. Mr. Roth chose not to attend the portion of the hearing subsequent to the time intervention was allowed and did not otherwise voice any objection to release of the public records sought by Plaintiffs.

disclosed to persons being prosecuted for alleged criminal activity where there has been, as in this case, an immunity issue raised. To require the State to disclose all of their investigations, even where some of the information has been given to Defendant RALPH RAMER, would hamstring the State's responsibility to investigate and prosecute criminal activity. This Court is bound to follow *Satz v. Blankenship*, 407 So.2d 396 (4th DCA 1981) *pet. for rev. denied*, 413 So.2d 877 (Fla. 1982), which holds that public records containing "police secrets" disclosed to alleged criminals through discovery are not exempt from disclosure under Chapter 119. The Court finds that *Satz* is controlling, and that the decision did not address prosecutions where the State demonstrates in an *in camera* hearing, an on going investigation which would be substantially jeopardized by requiring disclosure.

Plaintiffs argue in the alternative that the First Amendment of the United States Constitution does not permit Defendants to withhold from the public under the guise of police secrecy any records which have already been disclosed to persons accused of criminal activity. Plaintiffs contend Defendants have failed to demonstrate a "compelling interest" in keeping from the public that which accused criminals are permitted to know. The Court has considered this argument, but finds, based upon the *in camera* hearing, there is a compelling interest in maintaining the confidentiality of this information at this time.

The Court has attempted to balance the public's right of knowledge with the need of the State to prosecute and bring to justice criminal activity within the State. Accordingly, this Order is carefully drawn to allow the public the maximum amount of information consistent with the needs of the Defendants to continue their investigation of criminal activity. According, it is

ORDERED AND ADJUDGED that the Defendants are directed to release forthwith to Plaintiffs copies of the following public records pursuant to this Court's prior Order of April 12, 1985, and this Order:

### A. Reports by Law Enforcement Officers Already Provided to RAMER

1. Sgt. Alex Barret's report

2. D. W. Scherer's report

3. Officer Howell's report

4. Officer Hewitt's report

5. Sgt. Greg Parkinson's report

6. F.B.I. report

7. Reports of Jerry Catoe and Russell Reese of the West Palm Beach Fire Department

These reports shall be released in full except Defendants may delete the identities of the target/s of their active criminal investigation.

### B. *Witness Statements Already Provided to RAMER*

1. Alex Barret, June 15, 1984

2. Phil Densberge, April 17, 1984

3. Charlene Erickson, June 1, 1984

4. Pamela Young, May 15, 1984

These statements shall be released in full except Defendants may delete from Pamela Young's statement the identities of the target/s of the active criminal investigation.

### C. *Witness Statements Not Yet Given to RAMER, but Which He Has Been Told Exist*

In a letter dated February 28, 1985, which was placed in the court file in Case No. 85-381 CF, the State Attorney disclosed to RALPH RAMER'S attorney that he has seven additional witness statements. These have not yet been supplied to RAMER by the State Attorney although the latter stated in his February 28th letter he believed RAMER'S attorney had access to "some of these statements" including Maria Bruno's deposition of August 3, 1984. The Court will reverse itself as stated in open Court and require disclosure of the following statements:

1. Maria Bruno

2. Phil Densberger

3. D.G. Leland

4. David Reid

5. Mark Raciot

6. Pamela Young.

The State may delete from these statements the identity of the subject of their on going investigation, and they need not disclose the seventh statement at all. The State shall have until 5:00 o'clock P.M. April 17, 1985 to disclose the materials in this paragraph.

### D. *Expert Witness Statements*

1. Victor Higgs

2. Dr. James Banks

**97**

These statements shall be released to Plaintiffs in full.

It is further ORDERED that the Defendant State Attorney shall be under a continuing obligation to disclose to Plaintiffs all public records which may be provided to either Mr. RAMER or MARIA BRUNO or their attorneys in connection with any criminal prosecutions against them. However, if the State Attorney wishes to assert an exemption with respect to any portion of such records he shall notify Plaintiffs and, if the parties are unable to agree, the State Attorney shall request an immediate hearing before the Court to determine whether the records must be released. Furthermore, as to any records not yet required to be disclosed to Plaintiffs because the records have been determined to be "active criminal investigative information," Defendants shall release those records to Plaintiffs immediately without the need for a hearing if the criminal investigation/s which gave rise to the exemption shall become "inactive" (i.e., the investigation is not continuing with a reasonable, good faith anticipation of securing an arrest or prosecution in the foreseeable future).

Regarding the *ore tenus* motion of Plaintiffs to vacate the automatic 48 hour stay (see Rule 9.310(b)(2), Fla. R. App. P.), of this Order and the Court's prior Order of April 12, 1985, and the *ore tenus* motion of Defendants to extend the automatic stay of those orders pending appeal, the Court is not persuaded of the need to stay its orders pending appeal. However, in order to permit Defendants an opportunity to seek an emergency stay from the appeal court, this Order and the prior Order of April 12, 1985, shall be stayed until 5:00 P.M., Monday, April 15, 1985.

The Court reserves jurisdiction to reconsider the release of those public records not yet required to be disclosed and to consider Plaintiffs' request for an award of attorneys' fees and costs.